UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SJ, a minor; LAWRENCE F. JASPER, II; ROSALIA O. JASPER; and SE, a minor,<br>　　Plaintiffs,<br>v.<br><br>CITY OF PONTIAC, *et al.*,<br>　　Defendants.<br>_____/ | Case No. 24-10111<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS
(ECF No. 4)**

**I.　BACKGROUND**

On January 16, 2024, Defendant Township of Bloomfield, the only defendant that has appeared, removed Plaintiffs' state court action to this Court based on federal question jurisdiction. (ECF No. 1). Bloomfield then moved to dismiss for lack of subject matter jurisdiction, failure to properly serve the complaint, and for failure to state a claim. (ECF No. 4). The case was referred to the undersigned for all pretrial matters. (ECF No. 2).

Plaintiff Lawrence Jasper purports to represent the two minor plaintiffs and Rosalia Jasper. Lawrence Jasper has filed many documents and motions, often hundreds of pages long. His motions are addressed in a separate order.

For the reasons below, the undersigned recommends that the motion to dismiss be **GRANTED**.

## II. ANALYSIS AND RECOMMENDATIONS

### A. Lawrence Jasper Representing Plaintiffs

Defendant Bloomfield Township raises the impropriety of Lawrence Jasper purporting to represent the other plaintiffs in the complaint and his other filings. Lawrence is the only plaintiff who signed the complaint. SJ and SE do not have counsel.

SJ and SE's claims should be dismissed from the complaint, without prejudice. "[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002)); *Moses v. Gardner*, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016) ("[p]arents cannot appear pro se on behalf of their minor children . . . [t]hus the district court should have dismissed [the minor son's claims] without prejudice") (internal quotation marks and citation omitted).

Lawrence also cannot represent Rosalia. His attempt to do so violates 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

(Emphasis added.); *see also Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (because "*pro se*" means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action"). Because Rosalia did not sign the complaint, she does not have any claims before the Court.

B.     Bloomfield's Motion to Dismiss

Having recommended that the Court find that SJ, SE, and Rosalia do not properly have claims before the Court in the original complaint, the undersigned will address Bloomfield's remaining arguments for its dismissal, failure to serve and failure to state a claim, as to Lawrence Jasper only.

1.     Service of the Summons and Complaint

The undersigned agrees with Bloomfield that it was not properly served. Plaintiffs must serve defendants in accordance with the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1448. Rule 4(j), for service on a state or local government, provides that the summons and complaint must be served by either delivering a copy to the entity's chief executive officer or by serving a copy in the manner prescribed by state law. Michigan Court Rule 2.105(G) provides how a city government can be served. According to Bloomfield, Lawrence Jasper mailed the complaint by regular mail to a post office box associated with Bloomfield

Township. (ECF No. 4, PageID.118; ECF No. 4-2). This manner of service does not meet Federal or Michigan law.

If a complaint is not served within 90 days after it is filed, the Court must dismiss the defendant without prejudice. Fed. R. Civ. P. 4(m). In cases removed to a federal court from a state court, the 90-day period set forth in Rule 4(m) commences on the date removal is complete. *See Medlen v. Estate of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008). Thus, Jasper had until April 15, 2024, to properly serve Bloomfield Township. It does not appear that he made any other attempts to serve this defendant, nor did he address service of the summons and complaint in his response brief. (ECF No. 9). Thus, dismissal without prejudice for failure to serve is warranted. That said, dismissal on other grounds is also warranted, as addressed below.

        2.       Failure to State a Claim

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim

need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented ... nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

Bloomfield argues that the complaint does not satisfy the pleading standard in Fed. R. Civ. P. 8, so the complaint should be dismissed. This leads to the other issue, which is that Jasper did not state any specific allegations describing what Bloomfield Township did or failed to do, and the complaint sets forth no municipal liability claim. (ECF No. 4, PageID.119-24).

Though the complaint is not unduly long (it is 66 pages long with 366 paragraphs and about 30 pages of attachments), it is difficult to parse out claims that are SJ's or Jasper's or someone else's. The crux of the complaint appears to be an incident involving SJ at Bloomfield Hills High School. SJ was punished for posting a racist remark on his Snapchat, but another student confessed to posting the remark on SJ's account. Jasper points to a 2021 lawsuit filed by students against the Bloomfield Hills School District for discrimination against African American students. SJ's Snapchat post was used as an example of racism in that case. Lawrence Jasper's attempt to intervene in that case was denied. *See* Case No. 21-12707. It is unclear how that occurrence, or series of occurrences, harmed Lawrence Jasper. Any claims SJ might have concerning that incident are SJ's claims, not Jasper's claims.

From what remains of the complaint, it is unclear what conduct is specific to Jasper. The complaint is riddled with vague references to groups like the defendants' "agents" and indistinct assertions that the plaintiffs were "targeted"

and that the defendants used their agents to violate Plaintiffs' "rights and privileges." (*See, e.g.*, ECF No. 1, PageID.58, ¶ 298). Jasper makes broad statements such as "DEI policies and procedures discriminate against students and parents' race, color, sex and religion eliminating Plaintiffs civil rights for freedom of speech." (*Id.* at PageID.20, ¶ 102). He alleges that he and his family were made to appear guilty of being racist and were "subjected to racial retaliation with no end in sight." (*Id.* at ¶ 105). The complaint states that "Defendants interfered with Plaintiff's business, targeting their families after filing case 21-18654-CB." (ECF No. 1, PageID.11, ¶ 47). It is unclear if this is a reference to Lawrence Jasper. The next paragraph alleges that the Attorney General used her authority to humiliate a pro tem council member in Case No. 21-18654-CB at a Pontiac council meeting and formed an alliance with Bloomfield Township. (*Id.* at ¶ 48). The complaint then alleges that Pontiac and Bloomfield Township targeted "Plaintiffs" since 2014 when they worked on acquiring a park in Bloomfield for "his P(3) and franchise business proposal with Pontiac and Bloomfield assets."[1] (*Id.* at ¶ 51). But there is no clear factual development of how Jasper's rights or business opportunities,

---

[1] In a nearly 1,000-page petition (including exhibits) filed on February 26, 2024, Lawrence Jasper appears to describe the business. The contours are unclear, but he says he lobbied in Congress for adoption of his plan to balance the United States budget. He also says that his business, if franchised, would provide everyone with a home, a job, travel, and space exploration. (ECF No. 10, PageID.906-07). If this is the business he references in the complaint, it is unclear how Bloomfield Township's action or inactions harmed a business opportunity beyond the conclusory assertion that being labeled as a racist harmed his business.

7

specifically, were violated or effected by a specific act or policy. Bloomfield's summary of the complaint is apt: "The Complaint is filled with hyperbolic and vague accusations that the Township somehow assisted others in fulfilling an undefined racist agenda against Plaintiffs, without describing any actual action taken by the Township." (ECF No. 4, PageID.120).

Jasper's response brief provides no clarity. The conspiracy theories move from a focus on Pontiac and Bloomfield Hills to the United States. For example, he asserts that he became a "target" after President Obama announced he would go door to door to get his bills passed. He says he knew this was a message from Obama that he knew Jasper, and then his phone started clicking immediately. He switches back to Bloomfield to assert that it used its police power to leverage a park developer and allow the developer to invest a lot of money. (ECF No. 9, PageID.806). It is hard to comprehend Jasper's allegations and to understand how the defendants, or Bloomfield Township specifically, committed any wrongdoing against him that entitles him to monetary relief.

Another example of Jasper's failure to state a claim against Bloomfield lies in the absence of allegations to establish municipal liability. The only kind of action against a municipality that can succeed is to show that the municipality had a custom or policy that caused the injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A "policy" includes a "policy statement, ordinance, regulation, or

decision officially adopted and promulgated" by the governmental body's officers. *Id.* at 690. A "custom" is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (citations omitted). There appear to be no allegations setting forth a custom or policy that caused injury *to Lawrence Jasper*, despite inclusion of Count VII specifically referencing *Monell*. (*See* ECF No. 1, PageID.55-59).

Because there appears to be no factual development establishing how Bloomfield Township violated Jasper's rights under Michigan or federal law, the Township's motion should be granted. Granting a motion to dismiss for failure to state a claim operates as an adjudication on the merits, and dismissal is generally with prejudice. *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) ("A 'dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,' and is therefore done with prejudice.") (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 3 (1981

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Bloomfield Township's motion to dismiss be **GRANTED** and that Plaintiffs SJ, SE, and Rosalia Jasper's claims be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 30, 2024.             s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 30, 2024.

s/Sara Krause
Case Manager
(810) 341-7850

11