UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SJ, a minor; LAWRENCE F. JASPER, II; ROSALIA O. JASPER; and SE, a minor,
    Plaintiffs,
v.

CITY OF PONTIAC, *et al.*,
    Defendants.
_____/

Case No. 24-10111

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

# REPORT AND RECOMMENDATION FOR RULE 4(M) DISMISSAL

## I. Discussion

This case is before the Court on Plaintiff Lawrence Jasper's assertions of successful service of his complaint. Proper service of process first arose in Defendant Bloomfield Township's motion to dismiss. One of the Township's arguments for dismissal was that Plaintiff never properly served the summons and complaint. It noted that the federal rules for service on a municipal defendant, like the Township, require personal service of the summons and complaint on its chief executive or compliance with Michigan law. In Michigan, service on a municipality requires mailing a copy of the documents, by registered mail, to the Township supervisor or clerk. (ECF No. 4, PageID.118). Instead, Jasper mailed

the complaint to a post office box via regular mail. The undersigned agreed and recommended dismissal on that basis, in part. (ECF No. 41, PageID.3225).

In an Order to Show cause dated April 30, 2024, the undersigned ordered Jasper to explain how his attempt at service on municipal defendants comported with the federal and Michigan rules for service on a local government, or else why the undersigned should not recommend dismissal of the defendants under Fed. R. Civ. P. 4(m) for failure to timely serve them. (ECF No. 43). According to returned green cards Jasper filed on the docket, Bloomfield Township and other defendants were served by United States Postal Service to a post office box. (ECF No. 16-3, PageID.2101-02). The undersigned explained that service on municipalities needed to be accomplished by personal service on the entity's chief executive office or by any of the means provided for by state law, neither of which permits service by regular mail to a post office box. Fed. R. Civ. P. 4(j); Mich. Ct. Rule 2.105(G).

In response to that Order, Jasper asserted that he served Defendants Mungo & Mungo, Leonard Mungo, Christopher Jackson, and Ahmad Taylor. It appears Jasper is arguing that, at least for some defendants, he properly served their agents. For instance, he says that Christopher Jackson is the authorized agent for the Pontiac Housing Commission. (ECF No. 46, PageID.3311). He also contends that Plunkett Cooney, who represents Bloomfield Hills School District, was served

with the summons and complaint. Jasper is perhaps contending that service on a defendant's attorney is proper service on the defendant. (*See id.* at PageID.3312). Jasper also says that Defendant Taylor responded to Plaintiff's documents on January 21, 2024, but failed to make an appearance here. (*Id.* at PageID.3311).

The undersigned issued a second order to show cause about service. This time, the Court explained to Jasper that the attorney-client relationship does not, by itself, give an attorney authority to accept service on the client's behalf. The Court also explained that Jasper's attempt to serve the individually named defendants appeared incorrect. The certificates of service provided so far show that Jasper attempted service by mailing his complaint to the defendants by regular mail, without a return receipt requested or signature confirmation on delivery. Thus, his attempts did not comply with the federal or Michigan rules for service. (ECF No. 48). The undersigned warned that if Jasper could not show why his attempts at service were proper, the undersigned would recommend that the case be dismissed without prejudice for failure to timely serve the defendants under Federal Rule of Civil Procedure 4(m).

Jasper's 328-page response to the second order to show cause briefly mentions service. He asserts again that service on an attorney of record in a different case constitutes proper service here. (ECF No. 49, PageID.3346).

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is Plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73.

The complaint should be dismissed without prejudice. Plaintiff has not demonstrated attempts at proper service or good cause for failure to properly serve the defendants within 90 days of filing the complaint. Using regular United States mail to send a copy of the complaint to a post office box is not proper service under any rule. And as already explained, "the mere attorney-client relationship between a defendant and his attorney does not, in itself, convey the specific authority necessary for the attorney to receive service of process on the defendant's behalf." *AFT Michigan v. Project Veritas*, 2017 WL 6032550, at *2 (E.D. Mich. Dec. 6, 2017) (quoting *Arthur v. Litton Loan Servicing, LLP*, 249 F. Supp. 2d 924, 930 (E.D. Tenn. 2002)). True, the Michigan rules for service on a municipality allow for service on the city attorney of the city, among other means, but the rule requires personal service on the city attorney and mailed service to his or her office.

Having failed to demonstrate that he properly served any of the defendants after being warned that his failure to do so would result in dismissal without prejudice, the undersigned recommends dismissal without prejudice under Rule 4(m).

## II. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that the complaint be **DISMISSED WITHOUT PREJUDICE** and that all pending motions be terminated as moot.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 12, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 12, 2024.

s/Sara Krause
Case Manager
(810) 341-7850