UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SJ and SE, minors, by and through their
Parents and natural Guardians,
LAWRENCE F. JASPER II and
ROSALIA O. JASPER, individually
on behalf of themselves and all those
similarly situated,

                Case Number: 24-10111
                Honorable David M. Lawson
      Plaintiffs,          Magistrate Judge Curtis Ivy, Jr.

v.

CITY OF PONTIAC/PONTIAC HOUSING
COMMISSION, MUNGO & MUNGO, and
ATTORNEY MUNGO, BLOOMFIELD
TOWNSHIP/BLOOMFIELD HILLS
SCHOOL DISTRICT, WATSON, KIETH,
HOLLERITH, STROUGHTER, LUPONE,
REED, MCDONALD, SCHULTZS,
COWDREY, LORIA, GANDLY, LYNCH,
TAYLOR, and JACKSON, and Class
Members, in their individual and official
capacities,

      Defendants
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING BLOOMFIELD
TOWNSHIP'S MOTION TO DISMISS, DISMISSING CASE AS TO DEFENDANT
BLOOMFIELD TOWNSHIP, AND CONTINUING REFERRAL TO THE
MAGISTRATE JUDGE FOR PRETRIAL MATTERS**

Plaintiff Lawrence F. Jasper II, a non-lawyer, filed a complaint without the assistance of an attorney purportedly on behalf of his wife Rosalia and his two minor children, SJ and SE. He alleges a variety of claims, most of which are focused on an incident in 2021 in which one of his high-school-aged children was falsely accused of posting a racially derogatory Snapchat message. The case was referred to Magistrate Judge Curtis Ivy, Jr. to conduct all pretrial proceedings.

Thereafter, defendant Bloomfield Township filed a motion to dismiss the complaint for lack of subject matter jurisdiction, improper service of process, and failure to state a claim. Magistrate Judge Ivy filed a report on April 30, 2024 recommending that the motion be granted and the case be dismissed against that defendant. Judge Ivy also recommended that Rosalia Jasper, SJ, and SE be dismissed from the case altogether because Lawrence Jasper cannot represent them, since he is not an attorney. The plaintiff filed timely objections to the report and recommendation, and the motion is before the Court for fresh review.

I.

The complaint is prolix and difficult to follow. A careful reading suggests that plaintiff Lawrence Jasper II, who is proceeding without the assistance of counsel, seeks to bring claims on behalf of himself and his wife, and well as his minor children, SJ and SE, concerning allegations of wrongdoing by numerous defendants covering many years. The core grievance deals with an allegation that SJ, who was a student at Bloomfield Hills High School, was accused of posting a message on Snapchat, that read "I hate Ni**gers they need to be extinguished." Compl. ¶¶ 114-15. According to Jasper, an African American student later admitted to posting the message from SJ's account, but SJ was disciplined and received a two-day out-of-school suspension. *Id.* ¶ 119. Jasper alleges that the post on his son's social media account was part of a conspiracy among various individuals and entities against his family. *Id.* ¶ 99. The incident also was distressing because it was cited as an example of racism within the Bloomfield Hills Public Schools System in a civil rights lawsuit brought by attorney Leonard Mungo (also a defendant here) in November of 2021. That action in this district was heard by Judge Mark Goldsmith and later was dismissed voluntarily by the parties. ECF No. 68, *S.M. v. Bloomfield Hills School District*, No. 21-12707 (E.D. Mich.). Jasper alleges that Mungo's use of the false accusation against his son in the lawsuit

caused his family to be subjected to "racial retaliation with no end in sight." Compl. ¶ 105, ECF No. 1, PageID.20. He also alleges that the school district settled the lawsuit fraudulently based on the false accusations. *Id.* ¶ 108. And he believes that the defendants, including defendant Bloomfield Township ("the Township"), conspired to target his family using "DEI policies" and to disrupt his interest in various property developments. *Id.* ¶¶ 347-50, ECF No. 1, PageID.65.

The complaint purports to plead nine claims: 1) an unspecified violation of the Elliott-Larsen Civil Rights Act, 2) a claim for "fraudulent concealment" in violation of Michigan Compiled Laws § 600.5855, 3) a claim for defamation, 4) a claim titled "bad faith and light," 5) an action under 42 U.S.C. § 1983 for violating rights guaranteed by the First, Sixth, Eighth, Thirteenth, and Fourteenth Amendments, 6) a violation of 42 U.S.C. § 1981 and 18 U.S.C. § 1962(d), 7) a violation of 42 U.S.C. § 1985 for "invidious racial animus," 8) a claim for tortious interference with a business relationship or expectation, and 9) violating 20 U.S.C. § 1232(g) for "domestic terrorism."

Jasper filed this lawsuit in the Oakland County, Michigan circuit court on December 26, 2023. Bloomfield Township removed the case to this Court on January 16, 2024. The Court referred the case to the assigned magistrate judge for all pretrial matters. The Township thereafter filed a motion to dismiss, citing Federal Rules of Civil Procedure 12(b)(1), (5), and (6). Jasper responded to that motion and also filed numerous documents styled variously as "petitions," an emergency motion for reconsideration, a motion to remand and reopen a case, multiple motions to compel, a motion for relief, requests for the entry of default judgment, and a "notice to remand." Many of these submissions span hundreds of pages in length and contain multiple exhibits. On March 25, 2024, the Township filed an emergency motion to enjoin the plaintiffs from filing additional documents without leave of court.

Judge Ivy issued a report on the Township's motion to dismiss on April 30, 2024 recommending that it be granted. The same day, he issued a separate order denying each of the numerous motions. In his report and recommendation, Judge Ivy first determined that complaint improperly included claims on behalf of Rosalia Jasper, SJ, and SE. He observed that Rosalia did not sign the complaint, so any claims she may have were not properly before the Court because Jasper cannot represent her as a non-attorney. As for SJ and SE, he suggested that their claims also were defective because parents cannot appear *pro se* on behalf of minor children in most circumstances. Second, he recommended granting the Township's motion to dismiss for improper service because Jasper's method of serving the Township — sending a copy of the complaint by regular mail to a Post Office Box associated with the Township — was improper under federal and Michigan law. Alternatively, he recommended granting the motion to dismiss for Jasper's failure to state a claim against the Township. He stated that it was difficult to discern from the pleadings what injury Jasper himself suffered and how it was connected to the conduct of the Township. Judge Ivy also found that Jasper's broad allegations about being "targeted" by the defendants and their agents were not specific enough to suggest a legal claim, observing that the complaint lacked clear factual development about how Jasper's own rights or business opportunities were affected by a specific act or policy of the Township. Finally, Judge Ivy stated that the complaint suffered from a dearth of allegations suggesting a municipal custom or policy, as is needed to maintain a claim against a local government entity under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). He concluded that Jasper's claims against the Township should be dismissed with prejudice.

Jasper filed a "response" to the report and recommendation and the order on the motions. The Court construes this as an objection, filed within the appropriate period.

II.

When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition *that has been properly objected to*") (emphasis added); *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

But this review is not plenary. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Several of the plaintiff's objections to the magistrate judge's report do not include specific legal argumentation and therefore do not merit extended discussion. Objections to a magistrate's report and recommendation must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum.*

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object," because it does not focus the Court's attention on any specific issues for review, "thereby making the initial reference to the magistrate useless." *Ibid.* Moreover, the plaintiff may not raise new claims or theories not raised previously. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that the Magistrate Judges Act does not permit "parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

A.

Jasper's objections are difficult to follow, do not respond directly to the magistrate judge's recommendation, and consist primarily of a recitation of his allegations against the defendants and new allegations against other individuals and entities. For instance, he does not respond at all to the problem that magistrate judge outlined concerning Jasper's attempts to assert claims on behalf of his wife and children, all of whom are listed as plaintiffs in the operative complaint. Judge Ivy explained that Jasper, as a parent of SJ and SE, cannot assert claims on their behalf without the assistance of counsel. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). He also pointed out that Rosalia, Jasper's wife, did not sign the complaint and that Jasper could not assert claims on her behalf. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented."); *Sykes v. United States*, 507 F. App'x 455, 459 (6th Cir. 2012) (stating that a plaintiff may not "appear *pro se* where the interests of others are at issue"). The record does not reflect any efforts to cure these deficiencies despite defendant Bloomfield Township arguing that the failure of the other purported plaintiffs to sign the complaint is fatal to their actions. ECF

No. 4, PageID.117. Nor is there any suggestion that Jasper is a lawyer, much less admitted to practice law in this district.

The parties have been on notice of this deficiency since it was raised in Township's motion to dismiss and have made no effort to address it. SJ, SE, and Rosalia O. Jasper will be dismissed as plaintiffs in the case, although the dismissal will be without prejudice. *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013); *Moses v. Gardner*, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016).

B.

Parsing the plaintiff's "response" to the magistrate judge's order and report, it is possible to make out four objections. First, Jasper objects to the magistrate judge's conclusion that he had failed to serve the defendants properly. He reiterates his belief that all defendants were properly served and should be held in default — although the wording of this objection is somewhat confusing and could be read as a concession that the Township was not served properly. He also states that he intended to re-serve the summons and complaint on May 14, 2024 and to "amend the complaint inferior within 21 days from May 17, 2024." ECF No. 45, PageID.3285.

The plaintiff's fourth objection also appears to focus on the service issue identified by the Township and the magistrate judge. In relevant part, Jasper states that he did not contest the Township's motion to dismiss because he believed he could amend his complaint and was unaware that the court believed the defendant had not been properly served.

In cases removed to federal court where service has not already been completed, the plaintiff must serve the defendants in the process prescribed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1448; *Medlen v. Est. of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008). The applicable rule for service on a local government entity — like Bloomfield Township — is

Rule 4(j)(2). That rule provides that service may be accomplished by delivering a copy of the summons and complaint to the municipal corporation's chief executive officer or by serving those documents in a manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Michigan permits the service of process on a township to be made on "the supervisor or the township clerk" or by "sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." Mich. Ct. R. 2.105(G)(4).

Rule 4(m) requires a plaintiff to effectuate service of process within 90 days after filing of the complaint. Fed. R. Civ. P. 4(m). Unless the "plaintiff shows good cause" for failing to meet the deadline, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Ibid.* Federal Rule of Civil Procedure 12(b)(5) grants a court broad discretion to dismiss a complaint for insufficient service of process when a plaintiff has failed to demonstrate good cause for properly effectuating service by the deadlines established in Federal Rule of Procedure 4(m). *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). When a defendant invokes Rule 12(b)(5) to contest service, the plaintiff bears the burden of establishing that service was conducted properly. *Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 505 (6th Cir. 2017). To determine the sufficiency of service, the Court may look to the record submissions by the parties and facts in "uncontroverted affidavits." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006).

Magistrate Judge Ivy stated that the plaintiff attempted to serve Bloomfield Township by sending a copy of the complaint to a post office box associated with the municipality via regular mail. That conclusion was supported by record evidence indicating that Jasper addressed the mailing to the Township itself and not to the supervisor or clerk. *See* ECF No. 4-2, PageID.142. And although it appears he used the Postal Service's "Certificate of Mailing" service, there is no

indication that he sent the documents via Registered Mail. *Ibid.* Because more than 90 days had passed since the removal of the case to this Court without any attempt by the plaintiff to rectify service, Judge Ivy recommended dismissal.

As stated earlier, Jasper's objections are difficult to understand. If he is arguing that the Township was served properly, he has provided no evidence for that contention. He raises the issue of default obliquely, but it is not clear what bearing that issue would have on the Township's argument that it was not served properly. The Clerk of Court repeatedly has denied his requests to hold various parties in default, and elsewhere Jasper acknowledges that the Township itself is not in default. ECF No. 20, PageID.2462. Jasper appears to contend that filing an amended complaint would have restarted his time for service, but this argument is inapt because there is no operative amended complaint reflected in the record. His "response" to the Township's motion to dismiss did include a document styled as a "Fourth Amended Complaint," but this filing came more than 21 days from the Township's filing of a motion to dismiss, and he had not sought leave to file an amended complaint at that point as the rules require. *See* Fed. R. Civ. P. 15(a). Jasper later did file a motion for an extension of time to file an amended complaint (ECF No. 31), which Judge Ivy denied on the grounds that he neglected to include a proposed amended complaint with his motion, as is required by E.D. Mich. LR 15.1. ECF No. 42, PageID.3236-37. This conclusion was in error because "[f]ailure to comply with [Local Rule 15.1] is not grounds for denial of the motion." E.D. Mich. LR 15.1. Nevertheless, this error is harmless because courts agree that "'[f]iling an amended complaint in itself does not toll the service period.'" *Lee v. Airgas Mid-South., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) (quoting 4B Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1137 (4th ed. 2015)).

Perhaps Jasper means to argue that Judge Ivy should have excused his failure to complete service by the allotted means because the Township had actual notice of his complaint and filed an appearance in the case. This argument would be unpersuasive, however, because actual knowledge is no substitute for compliance with the service rules. *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

Nevertheless, even without a showing of good cause, a district court still may grant an extension of time after considering the seven relevant factors that articulated by the Sixth Circuit in *United States v. Oakland Physicians Medical Center, LLC*, 44 F.4th 565 (2022):

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569; *see also Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *5 (6th Cir. Aug. 24, 2022).

Judge Ivy's dismissal recommendation did not weigh these factors explicitly, but guidance from the Sixth Circuit seems to contemplate that district courts should discuss the factors when deciding a motion under Rule 12(b)(5). *See Savoie*, 2022 WL 3643339, at *5; *Staub v. Nietzel*, No. 22-5384, 2023 WL 3059081, at *10 (6th Cir. Apr. 24, 2023) ("Once the district court

determines that the plaintiff has not shown good cause, it must balance a number of factors when deciding whether to grant a discretionary extension of time . . . .").

Assessing the factors now, however, does not undermine Judge Ivy's conclusion that dismissal was appropriate. First, the fact that the Township had actual notice of the lawsuit weighs in the plaintiff's favor because it mitigates the harm sought to be addressed by the service rules. Yet the remaining factors either are neutral or weigh against the plaintiff. Jasper had until April 15, 2024 to accomplish service; it is now late July, so an extension would be "well beyond" timely. *Oakland Physicians*, 44 F.4th at 569. This factor weighs against him. There is no suggestion that an extension would cause prejudice to the defendant, "such as the loss of records or the death of a witness," *id.* at 571, so this factor is neutral.

The prejudice to the plaintiff factor is difficult to assess because it is not clear whether the plaintiff's claims would be time-barred if they were asserted in a new complaint. Jasper raises a variety of causes of action, and his wide-ranging allegations make it difficult to assess the date his claims accrued. This problem is made harder by the fact that Jasper appears to allege that at least some defendants fraudulently concealed the identities of persons who may be liable on his claims, potentially extending the limitations period by two years. *See* Compl. at ¶ 226, ECF No. 1, PageID.46. This issue notwithstanding, at least some of his claims likely would not be time-barred, so this factor is neutral. The core of the plaintiff's claims against the Township appear to concern events that occurred at his son's high school in the fall of 2021. *See* Compl. at ¶¶ 7, 8, 15, ECF No. 1, PageID.8-9. A three-year statute of limitations is common to many of Jasper's claims. *See Garg v. Macomb Co. Community Mental Health Servs.*, 472 Mich. 263, 281-82, 696 N.W.2d 646, 657-58 (2005) (holding that the statute of limitations for Elliott-Larsen Civil Rights Act claims is three years under Mich. Comp. Laws § 600.5805); *Lyndon's LLC v. City of Detroit*, No. 23-1895,

2024 WL 342176, at *2 (6th Cir. July 16, 2024) (citing *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) and Mich. Comp. Laws § 600.5805(2)); *Dotson v. Lane*, 360 F. App'x 617, 619 n.2 (6th Cir. 2010) (same for section 1985 claims); *James v. Logee*, 150 Mich. App. 35, 38, 388 N.W.2d 294, 296 (1986) (holding that the statute of limitations for a tortious interference claim is three years). Some limitations periods, including for defamation claims, likely expired before Jasper filed his complaint. The period of limitations is one year for an action charging libel or slander. Mich. Comp. Laws Ann. § 600.5805(11). But that period had expired already when the plaintiff filed his complaint in this case. *See* Compl. at ¶ 257, ECF No. 1, PageID.50 (accusing the Township of compiling defamatory information about his family used in a 2021 lawsuit). The plaintiff therefore would not be prejudiced by the denial of a discretionary opportunity to extend the deadline for service, and this factor therefore is neutral.

The factor focusing on the plaintiff's diligence in correcting any deficiencies in service weighs against him. There is no indication that the plaintiff, despite being informed of the defective service of process in the defendant's motion to dismiss, ever attempted to address it. Nor is his misbelief that amending his complaint reset the period for service a persuasive excuse. After all, he does not suggest that he ever attempted to serve the defendants anew after "filing" an amended complaint as part of his response to the Township's motion to dismiss. Moreover, service of process would not have been especially challenging to complete in this case. For instance, there is no evidence that the defendant was evading (or even could evade) service. All Jasper had to do was send a copy of the complaint and summons to the township supervisor or township clerk via registered mail. The identity of these individuals and the appropriate mailing addresses is readily available on the internet. Jasper's continued failure to make this basic effort weighs heavily against him.

The final two factors are neutral. The plaintiff is a *pro se* litigant and deserves leeway, but he has been on notice of the deficiencies in service for more than six months and has failed to correct them. And no equitable circumstances unique to this case are evident from the record. In sum, only one factor weighs in favor of a discretionary extension of the time for service, most are neutral, and some weigh strongly against the plaintiff. By determining that dismissal was appropriate, the magistrate judge impliedly found that a discretionary extension was not warranted. This conclusion, and his ultimate recommendation that the plaintiff's claims against the Township be dismissed, is supported by the record.

Although dismissal of a complaint for failure to state a claim ordinarily is without prejudice, Fed. R. Civ. P. 4(m), Judge Ivy also recommended in the alternative that the Township's motion to dismiss be granted for failing to state a claim. Judge Ivy reasoned that the Jasper's complaint provided few, if any, allegations describing what the Township did or did not do that caused him harm. He emphasized that the plaintiff's "vague references," "indistinct assertions," and "broad statements" — combined with the complaint's lack of factual development — were insufficient to make out a claim against the Township itself. ECF No. 41, PageID.3227-28.

Jasper's objections to the magistrate judge's report do not point to specific allegations in the complaint to challenge Judge Ivy's conclusion and explain his claim against the Township. Instead, the objections merely repeat a narrative about a conspiracy involving the defendants concerning DEI policies in the Bloomfield Hills School District and a seemingly unrelated property development proposal, all of which Judge Ivy aptly characterized as "hard to comprehend." *Id.* at PageID.3229. "Although *pro se* complaints are afforded liberal construction, the Court is not obligated to sift through the various materials referenced in [the plaintiff's filings] to determine if some nugget is buried somewhere waiting to be unearthed and refined into a

cognizable claim." *Allman v. United States*, No. 20-00665, 2020 WL 4757065, at *3 (D. Or. Aug. 14, 2020) (cleaned up). Moreover, the plaintiff's failure to articulate *specific* objections releases the Court from its duty to independently review the matter. *Thomas*, 474 U.S. at 152. The magistrate judge's alternative recommendation to dismiss with prejudice the plaintiff's claims against the Township in apt here. *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (explaining that a dismissal for failure to state a claim is a merits decision and therefore is done with prejudice).

The plaintiff's first and fourth objections will be overruled.

C.

The plaintiff's second objection appears to respond to the magistrate judge's recommendation, included in a separate report, to deny his motion to remand (ECF Nos. 8 & 42). Jasper reiterates the factual allegations in his complaint and, in a sprawling submission, makes new allegations involving a conspiracy between the Township, the Bloomfield Hills School District, the State of Michigan, and others involving several property development proposals allegedly hampered by their diversity, equity, and inclusion (DEI) policies.

The magistrate judge treated Jasper's motion to remand the case to state court as nondispositive and denied it. ECF No. 42, PageID.3233-34. However, the Sixth Circuit has explained that motions to remand are dispositive motions. *See Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001). The magistrate judge's order therefore "should be treated as 'proposed findings and recommendations.'" *Ibid.* (quoting 28 U.S.C. § 636(b)(1)). This problem notwithstanding, the magistrate judge made an appropriate recommendation. Again, Jasper's objection is not clearly stated, and grounds for a remand of the case to state court are not immediately apparent. The Township removed this case to this Court based on the plaintiff's

assertion of federal claims. *See* 28 U.S.C. §§ 1331; 1441(a). Jasper appears to believe that because he challenges certain state DEI policies, he should be able to do so in state court. He ignores, however, the fact that many of the causes of action he asserts to attack these policies are grounded in federal statutes that form the bases of his purported claims. And he does not develop an argument that would undermine the magistrate judge's conclusion that remand of his state law claims was not warranted because issues of state law did not predominate.

The plaintiff's second objection will be overruled.

D.

In his third objection, Jasper asks the Court to issue an injunction "on Oakland County/Pontiac's Downtown development." ECF No. 45, PageID.3299. He does not specify to which ruling of the magistrate judge this objection refers, but again, in great detail, he sets out allegations concerning a conspiracy between several defendants and non-parties concerning property developments and "DEI policies."

This objection is not clearly stated and includes only an extended narration of the plaintiff's grievances with the defendants. The title of the objection indicates that the plaintiff seeks some sort of injunction against Oakland County and the City of Pontiac, but Magistrate Judge Ivy never ruled on a request for an injunction. The docket does reflect that the plaintiff filed a four-part document styled as a "petition and emergency motion for reconsideration and emergency injunction" (ECF Nos. 10, 11, 12, 13). That document spans hundreds of pages yet fails to clearly articulate a request for an injunction against any party. Moreover, to the extent that the plaintiff now seeks a preliminary injunction against Oakland County or the City of Pontiac, it is improper to include that request as part of an objection to a report and recommendation. Under the local

rules, a request for a preliminary injunction must be made by separate motion and must comply with the requirements of Local Rule 7.1(b)-(d).  *See* E.D. Mich. LR 65.1.

The plaintiff's third objection will be overruled.

### III.

The magistrate judge correctly concluded that the plaintiff failed to effectuate service of process properly upon defendant Bloomfield Township and that the complaint fails to state a viable claim against that defendant.  Judge Ivy also concluded properly that plaintiff Lawrence Jasper cannot bring a claim on behalf of the other plaintiffs named in the case.  The plaintiff's objections lack merit.

Accordingly, it is **ORDERED** that the report and recommendation issued by Judge Ivy on Bloomfield Township's motion to dismiss (ECF No. 41) is **ADOPTED**, and the plaintiff's objections (ECF No. 45) are **OVERRULED**.

It is further **ORDERED** that plaintiffs SJ, SE, and Rosalia O. Jasper are **DISMISSED** as parties to the case.

It is further **ORDERED** that defendant Bloomfield Township's motion to dismiss (ECF No. 4) is **GRANTED**, and all claims against it are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the referral of the case to the assigned magistrate judge under the previous order of reference (ECF No. 2) is **CONTINUED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   July 30, 2024