UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE F. JASPER II,

Plaintiff,

v.

CITY OF PONTIAC/PONTIAC HOUSING COMMISSION, MUNGO & MUNGO, and ATTORNEY MUNGO, BLOOMFIELD HILLS SCHOOL DISTRICT, WATSON, KIETH, HOLLERITH, STROUGHTER, LUPONE, REED, MCDONALD, SCHULTZS, COWDRY, LORIA, GANDLY, LYNCH, TAYLOR, JACKSON, and Class Members, in their individual and official capacities,

Defendants.
_______________________________________/

Case Number: 24-10111
Honorable David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO COMPLETE SERVICE OF PROCESS**

The case is before the Court for a second time on a report by Magistrate Judge Curtis Ivy, Jr. recommending that the case be dismissed for failure by the plaintiff to complete service of process on the defendants in a manner that is allowed by the rules of procedure. Plaintiff Lawrence F. Jasper II, a non-lawyer, filed a complaint without the assistance of an attorney alleging a variety of claims, most of which relate to an incident in 2021 in which one of his high-school-aged children was falsely accused of posting a racially derogatory Snapchat message. The case was referred to Magistrate Judge Curtis Ivy, Jr. to conduct all pretrial proceedings. Judge Ivy filed a report on April 30, 2024 recommending that a motion by defendant Bloomfield Township be granted, which the Court adopted and dismissed the case against that defendant. The Court also dismissed then

plaintiffs Rosalia Jasper, SJ, and SE from the case because non-attorney Lawrence Jasper could not represent them.

On July 12, 2024, Judge Ivy filed another report recommending that the Court dismiss without prejudice the plaintiff's claims against the remaining defendants for improper service. Defendant Bloomfield Hills School District filed a motion to dismiss for failure to state a claim, and Judge Ivy recommends that this motion be dismissed as moot. Jasper has filed several objections to the magistrate judge's recommendation.

I.

The facts of the case are familiar to the parties and were discussed in the Court's opinion adopting the earlier report and recommendation. The parties may refer to that opinion, ECF No. 54, PageID.3901-02, and a recitation is not needed here.

A.

Jasper's complaint purports to plead nine claims: 1) an unspecified violation of the Elliott-Larsen Civil Rights Act, 2) a claim for "fraudulent concealment" in violation of Mich. Comp. Laws § 600.5855, 3) a claim for defamation, libel, and slander, 4) a claim titled "bad faith and light," 5) an action under 42 U.S.C. § 1983 for violating rights guaranteed by the First, Sixth, Eighth, Thirteenth, and Fourteenth Amendments, 6) a violation of 42 U.S.C. § 1981 and 18 U.S.C. § 1962(d), 7) a violation of 42 U.S.C. § 1985 for "invidious racial animus," 8) a claim for tortious interference with a business relationship or expectation, 9) and a violation of 20 U.S.C. § 1232(g) for "domestic terrorism."

Jasper filed this lawsuit in Oakland County, Michigan circuit court on December 26, 2023, naming as defendants the City of Pontiac, the Pontiac Housing Commission, Mungo & Mungo, "Attorney Mungo," Bloomfield Township, the Bloomfield Hills School District, "Class

Members," and fourteen individual defendants whose roles are not all clearly specified in the complaint. Bloomfield Township removed the case to this Court on January 16, 2024, and thereafter filed a motion to dismiss, citing Federal Rules of Civil Procedure 12(b)(1), (5), and (6). On April 30, 2024, Magistrate Judge Ivy issued a report recommending that the Township's motion be granted because Jasper failed to effectuate service, failed to state any claim against it, and could not represent his family members as a non-attorney. This Court adopted that recommendation and dismissed plaintiffs SJ, SE, and Rosalia O. Jasper as parties to the case and dismissed with prejudice all of Jasper's claims against Bloomfield Township.

While the report regarding defendant Bloomfield Township remained pending before this Court, Judge Ivy ordered Jasper to show cause why his claims against the remaining defendants should not be dismissed for his failure to serve them properly. A week later, defendant Bloomfield Hills School District filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(5) and (6).

Jasper filed a lengthy response to the order to show cause, asserting that his attempts to serve the defendants via their attorneys and via mail were proper. Judge Ivy followed with an explanation that an attorney-client relationship itself does not give an attorney authority to accept service on his client's behalf. He also explained that Jasper's attempts to serve the defendants by mail did not comply with federal or Michigan service of process rules. He therefore issued a second show cause order. Jasper filed a 328-page response, only briefly discussing service and, again, raising similar arguments regarding mailed service and service on the defendants' attorneys. On July 12, 2024, Judge Ivy issued a report recommending that Jasper's claims be dismissed for failing to demonstrate proper service or good cause for an extension of the deadline. He also recommended dismissing as moot the School District's motion to dismiss and Jasper's motion to

default the defendants. Jasper filed timely objections to Judge Ivy's recommendation. The matter is now before the Court for fresh review.

B.

Jasper lodges thirteen objections to the magistrate judge's recommendation. The objections are difficult to follow, and many do not respond directly to the magistrate judge's conclusion that his case should be dismissed for failing to complete service within the time limit specified by Federal Rule of Civil Procedure 4(m).

In his first objection, Jasper argues that he may amend his complaint "by right . . . at the 11th hour," eliminating any concerns with the timeliness of service. ECF No. 52, PageID.3819. His second and third objections are hard to comprehend, but he vaguely accuses the defendants of fraudulently concealing their wrongdoing and requests an order permitting him to amend his complaint. His fourth objection also is lengthy and suggests that the Court should not dismiss his case without prejudice because this would allow the State and Oakland County to conceal violations of his rights.

Jasper's fifth objection returns to the substance of the magistrate judge's recommendation. He argues that all defendants were served "via certificate of mailing to their respective government agencies, not to a post office box." *Id.* at PageID.3822. He says that he provided proof that he completed service on the City of Pontiac consisting of a certificate of mailing and a phone message from the Pontiac City Attorney's office asking to be dismissed from the case. And he states that he served defendants Taylor and Jackson by mail three times.

Jasper's sixth objection invokes Michigan Court Rule 2.112(K)(4) and says that he should be permitted to add Oakland County, the State of Michigan, and attorney Michael Weaver to his complaint because of their roles in an economic conspiracy against him. His seventh objection again references fraudulent concealment, while his eighth objection accuses the defendants of

"unclean hands." The ninth objection is difficult to understand; he states that the "Regional Convention Facility Authority is ambiguous." *Id.* at PageID.3830. The tenth objection, labelled "Objection IV," mentions the state action doctrine and "Free Speech." *Id.* at PageID.3832. His eleventh objection, mistakenly labelled as his tenth, says "Wrongdoers violated the Sherman Act and Statutory of Limitation (sic)." The plaintiff's twelfth objection, again misnumbered, includes statements suggesting that the plaintiff fears for his life and livelihood due to "domestic terrorism." *Id.* at PageID.3846. The plaintiff's final objection is titled "National Security Threat to Democracy" and recites various accusations of wrongdoing by the State of Michigan and the Democratic Party. *Id.* at PageID.3848.

II.

The rules dealing with reports from magistrate judges that apply at this stage of the case should be familiar to the parties. When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition *that has been properly objected to*") (emphasis added); *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

But this review is not plenary. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues —

factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

A.

As noted above, Jasper has filed numerous objections to the magistrate judge's recommendation that the case be dismissed for his failure to serve the defendants properly. His first and fifth objections plausibly are connected to the magistrate judge's reasoning. The remainder are sprawling and address other topics entirely, such as the plaintiff's general allegations of wrongdoing by the defendants and others. Because these objections are not connected to the magistrate judge's reasoning, they do not "explain[] the source of the error" and will be overruled as impertinent. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Generously construed, many of his objections appear to be attempts to raise additional claims and add new parties. These contentions are not the proper subject for an objection to a report and recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that the Magistrate Judges Act does not permit "parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). Jasper's second through fourth and sixth through thirteenth objections will be overruled.

B.

Jasper appears to argue in his first objection that his time to complete service was extended when he filed a "Third Amended Complaint" (ECF No. 51). This misguided belief was addressed

previously in the Court's earlier opinion. ECF No. 54, PageID.3908. Federal Rule of Civil Procedure 15 permits parties to amend their pleadings once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Jasper's "Third Amended Complaint" was not filed within these time limits. He therefore required leave of court, which he did not seek or obtain, to file an amended pleading, Fed. R. Civ. P. 15(a)(2), and his third amended complaint therefore is a nullity. Even if he had obtained leave, however, courts agree that "'[f]iling an amended complaint in itself does not toll the service period.'" *Lee v. Airgas Mid-South., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) (quoting 4B Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1137 (4th ed. 2015)). Jasper's first objection will be overruled.

C.

In his fifth objection, Jasper appears to insist that his chosen method of service, which involved mailing the complaint to the defendants, was proper. This objection also lacks merit.

In cases removed to federal court where service has not been completed already, the plaintiff must serve the defendants by following the process prescribed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1448; *Medlen v. Est. of Meyers*, 273 F. App'x 464, 470 (6th Cir. 2008). Jasper had 90 days to do so. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Defendant Bloomfield Township removed the case to this Court on January 16, 2024, so the applicable 90-day time limit governs. As Judge Ivy observed, this means

that Jasper must have served each defendant by April 15, 2024. ECF No. 43. Jasper did not complete service properly as of that date and has not done so even through today.

The defendants that remain in the case each are subject to distinct service rules. The applicable rule for serving local government entities — the City of Pontiac, the Pontiac Housing Commission, and the Bloomfield Hills School District — is Rule 4(j)(2). That rule states that service may be accomplished by delivering a copy of the summons and complaint to the municipal corporation's chief executive officer or by serving the documents in a manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Michigan law permits service of process on a city to be made on the "mayor, the city clerk, or the city attorney;" on a school district by serving "the president, the secretary, or the treasurer;" or on other entities organized under Michigan law by serving "the president, the chairperson, the secretary, the manager, or the clerk." Mich. Ct. R. 2.105(G). In all circumstances, service also may be completed by "serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made *and* sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." *Ibid.* (emphasis added).

For individual defendants, Rule 4(e) specifies that service may be accomplished either by delivering a copy of the summons and complaint to the individual personally, by leaving copies of the same at the individual's residence with someone of suitable age and discretion residing there, by delivering a copy to an agent authorized to receive service, or by following a method permitted by state law. Fed. R. Civ. P. 4(e). Michigan law permits service on individuals who are residents of the state by "delivering a summons and a copy of the complaint to the defendant personally" or by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A). For mailed service,

the rule specifies that service is completed only "when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service . . . ." *Ibid.*

And for partnerships — like defendant Mungo & Mungo — Rule 4(h) specifies that service may be completed "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

Jasper asserts that he served the defendants properly by mailing each a copy of the summons and complaint. In support of that argument, he repeatedly has attached "Certificate of Mailing" cards to his filings. *See, e.g.*, ECF No. 46, PageID.3329-31. These certificates indicate that he mailed documents to City of Pontiac City Attorney Joanne Curry, "Mungo & Mungo Law Firm[,] Mungo & class members," several individual defendants whose names are illegible, law firm Plunket Cooney on behalf of Bloomfield Hills School District, Pontiac Housing Commission President Ahmad Taylor and "Agent Christopher Jackson." *Ibid.*

As both this Court and the magistrate judge have explained previously, these submissions are unhelpful. The certificates only are evidence that Jasper mailed the complaint to someone associated with the defendants, and they state as much. *See ibid.* ("This Certificate of Mailing provides evidence that mail has been presented to USPS for mailing"). These filings provide no proof that the plaintiff mailed the summons and complaint to the defendants requesting a return receipt, and the Certificates do not bear the signature of any defendant. *See* Mich. Ct. R. 2.105(A). And Jasper has not provided any evidence that he personally delivered a summons and copy of the

complaint to any defendant. He therefore did not service the defendants in a manner recognized by federal or Michigan law. Judge Ivy also pointed out that Jasper's attempt to effectuate service on the Bloomfield Hills School District via law firm Plunkett Cooney was improper because the attorney-client relationship, without more, does not give an attorney authority to accept service for its client. It does not appear that Jasper has made any attempt to correct this fault using any permitted method for service on the School District.

For the City of Pontiac, the record reflects that on May 15, 2024, Jasper mailed a copy of the summons and complaint to the "City of Pontiac." ECF No. 46, PageID.3329. The attached Certificate of Mailing indicates that the mailing form is addressed "Attn: City Atty Joanne Curry." The Court cannot locate any record of a "Joanne Curry" employed by the City. Nevertheless, a city attorney is a proper party to receive service of process. Mich. Ct. R. 2.105(G)(2). But in Michigan, mailing is not a sufficient condition for effecting service on a municipality. *See* Mich. Ct. R. 2.105(G) ("[S]ervice may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made *and* sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office." (emphasis added)). The term "registered mail" includes "certified mail." Mich. Ct. R. 2.105(L)(1). Jasper's Certificate of Mailing to the City Attorney's office arguably satisfied the mailing component of Mich. Ct. R. 2.105(G), but he has furnished no evidence that he also personally served a copy of the summons and complaint on the person in charge of the City Attorney's office.

Jasper's method of service did not comply with any recognized method of serving the defendants. His fifth objection should be overruled.

D.

Judge Ivy appropriately concluded that Jasper had not shown good cause for failing to serve the defendants timely. The Court nevertheless has discretion to grant an extension of time, which calls for consideration of the seven relevant factors articulated by the Sixth Circuit in *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565 (6th Cir. 2022). Jasper has made no clear argument that any of the factors support an extension of time. Although the fact that at least some of the remaining defendants had actual notice of the suit may weigh slightly in his favor, the remaining factors either are neutral or weigh against him. As the Court explained in its previous opinion, at least some of Jasper's claims would not be barred by the statute of limitations, so Jasper would not necessarily be prejudiced by dismissal, and the factor is neutral. *See* ECF No. 54, PageID.3910. Jasper offers no reason that the Court's previous holding is inapplicable. In any event, "the running of the statute of limitations does not require a court to grant a discretionary extension." *Oakland Phys.*, 44 F.4th at 570. Further, there is no suggestion that the defendants would be prejudiced by an extension, and no equitable factors are apparent here, so these factors also are neutral.

Two factors weigh strongly against a discretionary extension. Even if Jasper completed service now, it would be nearly five months after the original deadline. This is a significant delay. And although he is representing himself without the assistance of a lawyer, and therefore entitled to some additional latitude, he has not made good faith efforts to correct the deficiencies in his service attempts despite repeated pronouncements from the judicial officers assigned to his case explaining what he must do and how he must do it. Instead, Jasper has continued to double down on methods that Magistrate Judge Ivy repeatedly explained were faulty. These two factors weigh strongly against granting an extension.

E.

Judge Ivy recommended that the other pending motions — Bloomfield Hills School District's motion to dismiss (ECF No. 44) and Jasper's motion to default defendants (ECF No. 46) — be terminated as moot. This conclusion also makes sense. The School District's motion defended on the basis of improper service, mirroring Judge Ivy's conclusion. And default judgment against the defendants would be improper where Jasper cannot establish adequate service. *See Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.*, 229 F.3d 1153 (6th Cir. 2000) ("[T]here must be effective service of process on a defendant before an entry of default can be made."); *Hosn v. Fly Baghdad Airline*, No. 20-13442, 2022 WL 1060610, at *1 (E.D. Mich. Feb. 1, 2022), *report and recommendation adopted*, No. 20-13442, 2022 WL 866401 (E.D. Mich. Mar. 23, 2022).

III.

The magistrate judge correctly concluded that the plaintiff failed to effectuate service of process properly upon any of the defendants. The time for completing service has long expired. The case cannot proceed.

Accordingly, it is **ORDERED** that the report and recommendation issued by Judge Ivy on July 12, 2024 (ECF No. 50) is **ADOPTED**, and the plaintiff's objections (ECF No. 52) are **OVERRULED**.

It is further **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that defendant Bloomfield Hills School District's motion to dismiss (ECF No. 44) and the plaintiff's motion to enter defaults against the defendants (ECF No. 46) are **DISMISSED as moot**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 1, 2024